[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 29, 1992 Date of Application June 2, 1992 Date Application Filed June 16, 1992 Date of Decision July 26, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR91-404 605;
Gerald M. Klein, Esq., Defense Counsel, for Petitioner
Carl E. Taylor, Esq., Assistant State's Attorney, for the State
BY THE DIVISION
Petitioner was charged with a number of drug related offenses. After trial by jury he was convicted of possession of narcotics with intent to sell by a non-drug dependent person in violation of General Statutes § 21a-278(b). As a result of such conviction he received a sentence of fifteen years. CT Page 7926
Prior to the trial petitioner entered a plea of guilty to failure to appear in the first degree in violation of General Statutes § 53a-172. A consecutive two year sentence was imposed for this conviction. The sentence imposed for this conviction is not before the division.
After discussing the matter with his attorney, petitioner knowingly and voluntarily elected to waive the presence of a third judge on the panel and to proceed with two judges.
The facts underlying the conviction indicate that the Hartford Police were investigating numerous incidents of drug sales in the area of 36 Coleman Drive. The investigation focused on petitioner as the person who was controlling the sales. A search warrant for petitioner's residence disclosed 150 bags of heroin and over $400 in cash.
Petitioner and his attorney claimed that the sentence was excessive and should be reduced. It was pointed out that petitioner had no prior criminal record and that he had a good education and a strong family background.
Counsel also stressed that petitioner had only been convicted of one incident involving drugs and he should not be punished for the charges on which he had been acquitted.
It was also suggested that petitioner was being punished for going to trial and that the sentence was disproportionate when considered with others imposed for the same offenses. Petitioner stated that he wished to return to his family. His attorney argued that the sentence should be reduced by suspending a portion and placing him on probation.
The state objected to any reduction. The state's attorney pointed out that petitioner was not drug dependent and was engaged in the distribution of drugs for profit.
Petitioner has been convicted of a most serious offense. The legislature establishes the public policy of the state with respect to crimes by establishing the penalty for violations. The penalty prescribed for an offense is an indication of the seriousness which the state views the crime. State v.Tucker, 219 Conn. 752, 759 1991. Petitioner has been convicted of a violation of General Statutes § 21a-278(b). The minimum penalty for this offense is five years and the CT Page 7927 maximum is twenty years.
At the time of sentencing the state requested imposition of the maximum sentence and the probation officer who performed the presentence investigation urged the court to take a tough stand in sentencing petitioner a non dependent drug dealer.
In the imposition of sentence the judge commented on the evidence which established petitioner's guilt. The court also stated that petitioner was a non drug dependant person who as a mid-level retailer was actively engaged in the profitable business of selling drugs. The judge pointed out the tragic effect which drugs were having on society in the area and the need to send a clear message that people convicted of selling drugs would have to pay a substantial price for this activity.
The sentence imposed here was on the high side for first offenders convicted of this offense after trial, However, considering the nature of the offense, the character of the offender, the need to protect the public interest and considering also the deterrent and denunciatory purpose for which the sentence was imposed as well as the other factors set forth in Connecticut Practice Book § 942, it cannot be found that the sentence imposed is inappropriate or disproportionate.
Sentence affirmed.
Purtill, J.
Stanley, J.
Purtill, J. and Stanley, J. participated in this decision.